### McCann, Assignee, etc., *v.* Edward Conery & Son.[*]

*(District Court, E. D. Louisiana. March, 1882.)*

CHARTER-PARTY—OBLIGATIONS OF PARTIES TO.

The law places upon the owner of a vessel the obligation of a warrantor that the vessel is seaworthy. The charter-party declaring that the vessel was in good order and condition, the presumption is in favor of seaworthiness. The charterer, therefore, assumes the obligation that the vessel will continue to be capable to proceed on her voyage, so far as relates to all defects which could be ascertained by inspection, and the owner assumed the obligation that the vessel would continue to be able to proceed, so far as related to latent defects; that if the jury found that the accident which interrupted the boat, namely, the breaking of the shaft, was the result of a defect which was ascertainable by inspection, then the owner could recover; but if of a defect which was latent, then the verdict must be for the defendants.

*Joseph P. Hornor,* for plaintiff.

*Charles B. Singleton, Richard H. Browne, John H. Kennard, W. W. Howe, S. S. Prentiss,* and *H. H. Walsh,* for defendants.

[*] Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

BILLINGS, D. J.   This case is before me on a motion for a new trial.   The contention is as to the correctness of the instructions given to the jury.   The court instructed the jury:

(1) That the law placed upon the owner of a vessel the obligation of a warranter that the vessel was seaworthy.  (2) That in this case, since the charter-party declared that the "vessel was in good order," the presumption was in favor of seaworthiness, and the burden of showing unseaworthiness was upon the charterer.   (3) That the charterer under this agreement assumed the obligation that the vessel would continue to be capable to proceed on her voyage, so far as relates to all defects which could be ascertained by inspection, and the owner assumed the obligation that the vessel would continue to be able to proceed, so far as related to all latent defects.  (4) As a consequence of these principles of law and rules of construction, that if the jury found that the accident which interrupted the boat, namely, the breaking of the shaft, was the result of a defect which was ascertainable by inspection, then the plaintiff could recover; but if of a defect which was latent, then the verdict must be for the defendant; and it left the entire question to the jury, and refused all instructions which asserted any legal presumptions as to whether the accident was the result of patent or latent defects.

It appeared from the evidence that the boat became disabled by the fracture of her shaft.   The evidence as to whether that fracture happened from weakness in the structure of the shaft, i. e., from want of cohesive power, or from stress brought to bear upon it in the course of navigation, was very full, and, in the opinion of the court, took the case entirely out of the region of presumption arising from the absence of this or that circumstance into the region of positive testimony as to the strength or weakness of a shaft, and the jury were properly told that, in deciding as to the strength or weakness of the shaft, they must consider all the testimony.   There is no doubt but that in cases where the facts show simply a disability, without precise evidence as to what part became disabled, or as to the situation of that part of the vessel which became disabled, the court ought to direct the jury to the inquiry whether there was any apparent or adequate cause shown for the coming on of the disability; but where the evidence shows that the disability came from and consisted of a breaking of machinery, and numerous witnesses have testified as to the strength of the particular part which broke, the inquiry is not to be determined by an inference as to the presence of external causes as an exclusive test, but the presence or absence of apparent cause must be considered only in connection with the direct and positive evidence.   Especially is this true where, as in this case, the charter-party declares that the vessel is in good order, and the burden is thus

placed upon the charterer, and he is concluded as to all want of strength which could have been discovered by reasonable inspection.

The issue, so far as relates to the charterer, was twofold. If the jury found either that the accident was caused by a peril of navigation or by some unseaworthiness which was patent, the verdict must have been against him.

My conclusion is that there was no error in the instructions. It was a case where the court would have erred had it directed the attention away from the direct evidence, exclusive to that which was inferential. The inferential should have been considered, but only along with the direct; and this is precisely what the jury were instructed to do.

As to whether the verdict was against the evidence, the chief question was whether the shaft broke from a latent or patent defect. The same issue, upon similar, and, to a large extent, identical evidence, had been tried before the court in an equity cause, and the conclusion then reached was the same as that to which the jury in this case arrived.

The rule for a new trial is therefore refused.

In addition to the cases cited I have consulted *Kimball* v. *Tucker*, 10 Mass. 195; *Airey* v. *Merrill*, 2 Curt. 12; *McGilvery* v. *Capen*, 7 Gray, 525; *Cook* v. *Gowan*, 15 Gray, 238.